# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DELGADO RODRIGUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | 1:09-CV-00119 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on July 28, 1997, of attempted willful, deliberate, and premeditated first degree murder (Cal. Penal Code §§ 664, 187(a)), assault with a firearm (Cal. Penal Code § 245(a)(2)), two counts of second degree robbery with a firearm (Cal. Penal Code § 211), two counts of false imprisonment by violence (Cal. Penal Code § 236), arson (Cal. Penal Code § 451(d)), attempted second degree robbery while armed with a firearm (Cal. Penal Code §§ 664, 211), and unlawful taking of a vehicle

(Cal. Vehicle Code § 10851(a)). (LD 1.[1]) Numerous enhancements were found to be true. (LD 1.) On September 1, 1997, Petitioner was sentenced to serve an indeterminate term of life with the possibility of parole, plus a consecutive term of twenty-nine years. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District. On January 19, 2000, the appellate court stayed the term imposed for unlawful taking of a vehicle but affirmed the judgment in all other respects. (LD 2.) On February 17, 2000, Petitioner filed a petition for review in the California Supreme Court. (LD 3.) On April 12, 2000, the petition was summarily denied. (LD 3.)

Petitioner also filed a petition for writ of habeas corpus in the California Supreme Court on June 12, 2008[2]. (LD 4.) The petition was summarily denied on December 17, 2008. (LD 5.)

On January 20, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On April 21, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on May 18, 2009. On May 29, 2009, Respondent filed a reply to Petitioner's opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on the date Petitioner presumably handed his petition to prison authorities for mailing as opposed to the actual date of filing.

4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 20, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on April 12, 2000. Thus, direct review concluded on July 11, 2000, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year commencing on July 12, 2000, and ending on July 11, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until January 20, 2009, over seven years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Later Start Date of Limitations Period Pursuant to 28 U.S.C. § 2244(d)(1)(C)

In his opposition, Petitioner contends that pursuant to 28 U.S.C. § 2244(d)(1)(C), the limitations period should not commence until January 22, 2007, the date the Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007). Section 2244(d)(1)(C) states the limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As argued by Respondent, however, this section is not applicable because Cunningham does not qualify under § 2244(d)(1)(C). In Butler v. Curry, 528 F.3d 624, 639 (9th Cir.2008), the Ninth Circuit held that Cunningham did not announce a new rule of constitutional law.

Assuming the applicability of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), Petitioner is still not entitled to a later start date. Although these cases have been held to be new rules of constitutional law, neither one has been held to be

retroactively applicable. United States v. Sanchez-Cervantes, 282 F.3d 664, 666-67 (9th Cir.2002); United States v. Cruz, 423 F.3d 1119 (9th Cir.2005). Therefore, § 2244(d)(1)(C) is inapplicable.

D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on July 12, 2000, and expired on July 11, 2001. However, Petitioner did not file his first state habeas petition until June 12, 2008, long after the limitations period had already expired. Therefore, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

E.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

F.  Actual Innocence

Petitioner also argues his petition should not be time-barred because he is actually innocent of the crime. Neither the Supreme Court nor the Ninth Circuit has addressed whether there is an actual innocence exception to a violation of section 2244(d)'s limitation period.  Even if the Court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 118 S.Ct. 1604, 1611 (1998), *quoting*, Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).   Petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 867-68 (1995).

In this case, Petitioner contends the shooting of James Chung was accidental. He claims he did not intend to kill Mr. Chung, and statements made to Detective Gutierrez and Juan Huerta show the shooting was accidental. He claims that since there was no premeditation, he is innocent of the crime of attempted murder. Petitioner's claim is totally without merit, since there was overwhelming evidence of premeditation. The victim was shot in the back of the head by Petitioner while the victim was lying face-down. (LD 2:9.) In addition, there was substantial evidence that Petitioner intended to execute potential witnesses to the crime. He admitted to Detective Gutierrez that he was afraid the victim would identify him as the shooter since he had survived. (LD 2:12.) Huerta testified that an accomplice had informed him that the victim had identified his voice during commission of the offense. (LD 2:15.) Huerta further testified that Petitioner had talked to him about committing a robbery as follows:

> Q. And when he spoke to you about robbing something or making quick cash, did he explain to you how that would go?
>
> A. Yeah, he explained to me like, you know, certain things, and then he explained to me like if anybody would be a witness or – he would take care of the people if there was a

witness or anything was supposed to happen like, you know, either duct tape 'em or do whatever it takes not to have a witness.

Q. Okay. What did he tell you that he would do other than duct tape, if anything?

A. That he would shoot them or, you know, kill them.

(LD 2: 14.)

Therefore, contrary to Petitioner's assertions, the testimony provided by the detective and Huerta only served to bolster the evidence of premeditation. Indeed, the evidence of premeditation presented at trial was very strong. Petitioner fails to establish actual innocence.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 2, 2009**                         /s/ **Sandra M. Snyder**
                                                           UNITED STATES MAGISTRATE JUDGE