UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DELGADO RODRIGUEZ, | 1:09-cv-00119 AWI SMS HC |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| JAMES A. YATES, Warden, | [Doc. #22] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 10, 2009, the undersigned granted Respondent's motion to dismiss the petition for untimeliness and dismissed the petition with prejudice. Petitioner appealed to the Ninth Circuit Court of Appeals, and the appeal was denied on June 16, 2011.

On July 29, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b), along with a declaration and memorandum of points and authorities. Respondent filed an opposition to the motion on September 9, 2013.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1


(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner claims he should be granted reconsideration under Rule 60(b)(6) because of extraordinary circumstances. Petitioner claims he is unlearned in the law, was unaware of the limitations period, and has only now found an inmate who he trusts to assist him in legal matters. Respondent correctly argues that Petitioner's motion is based on his negligence and therefore must be brought under Rule 60(b)(1) rather than Rule 60(b)(6). Rule 60(c)(1) requires motions brought under 60(b)(1) to be filed no more than one year after date of judgment. Since judgment was entered in this case on August 10, 2009, the instant motion is untimely by nearly three years. Rule 60(b)(1) and 60(b)(6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 393 (1993) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, and n. 11 (1988).

Even if the Court were to consider Petitioner's motion pursuant to Rule 60(b)(6), it would also be untimely. Rule 60(c)(1) requires that a motion brought pursuant to Rule 60(b)(6) be filed within a "reasonable time." As noted above, Petitioner delayed three years from the date of judgment and two years from the date the appeal was denied. Such unexplained delay is unreasonable.

Moreover, Petitioner's arguments are not extraordinary circumstances meriting reconsideration. See Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir.2009) (motion for reconsideration brought pursuant to Rule 60(b)(6) requires a showing of "extraordinary circumstances"). Petitioner's allegations of lack of legal training or assistance and his unawareness of the limitations period are circumstances typically shared by most inmates. In addition, the issue of timeliness was fully litigated and decided in 2009. At that time, Petitioner's federal habeas petition was determined to be over seven years late. Petitioner's arguments for tolling, including claims of actual innocence and the application of new law, were considered and rejected. Thus, the instant motion is untimely and does not warrant further consideration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   October 3, 2013

_____
SENIOR DISTRICT JUDGE