# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DELGADO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden,<br><br>Respondent. | Case No.  1:09-cv-00119 AWI SMS HC<br><br>ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY<br>[ECF NO. 30]<br><br>ORDER DENYING REQUEST FOR COUNSEL ON APPEAL<br>[ECF NO. 30] |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  Request for Certificate of Appealability

On November 22, 2013, Petitioner filed a request for a certificate of appealability with respect to Petitioner's appeal of the Court's October 3, 2013, order denying his motion for reconsideration.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The issuance of a certificate of appealability is a jurisdictional prerequisite to appeal. Id. The Ninth Circuit has determined that a certificate of appealability is required for an appeal of an order denying a motion for relief under Fed. R. Civ. P. Rule 60(b).  Langford v. Day, 134 F.3d 1381, 1382 (9th Cir.1998).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. §

1

2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DENIES Petitioner's request for certificate of appealability.

II. Request for Appointment of Counsel on Appeal

On November 22, 2013, Petitioner also requested the appointment of counsel on appeal. There currently exists no absolute right to appointment of counsel in habeas proceedings. See

Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Judgment was entered on August 10, 2009, and Petitioner's appeal to the Ninth Circuit was denied on June 16, 2011.  The matter before this Court is terminated.

Accordingly, Petitioner's request for appointment of counsel is DENIED.  Petitioner is advised that he may renew his motion before the Ninth Circuit Court of Appeals.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's request for certificate of appealability is DENIED; and

2) Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   November 26, 2013                           _____
                                                                         SENIOR DISTRICT JUDGE

3